GOSZLER (MACKALL v.). See Case No. 8,835.

## Case No. 5,632.

### GOTTFRIED et al. v. BARTHOLOMAE et al.

[3 Ban. & A. 308; 8 Biss. 219; 13 O. G. 1128; Merw. Pat. Inv. 167; 10 Chi. Leg. News, 388; 6 Reporter, 390.] [1]

Circuit Court, N. D. Illinois. June 24, 1878.

PATENT—ANTICIPATION—INFRINGEMENT.

1. A simple, economical invention is not anticipated by a complex and expensive one. A stationary apparatus for surface-coating the interior of barrels, in which an air blast is forced up through a grate fire, and the escaping gases and products of combustion discharged into the barrel, to heat its surface, is not anticipated by a device wherein the air blast circulates through heated pipes, and passes thence into the barrel.

[Cited in Gottfried v. Phillip Best Brewing Co., Case No. 5,633; Same v. Crescent Brewing Co., 9 Fed. 762; Crescent Brewing Co. v. Gottfried, 128 U. S. 165; 9 Sup. Ct. 85.]

2. Letters patent No. 42,580, issued to John F. T. Holbeck and Matthew Gottfried, May 3rd, 1864, for an improved mode of pitching barrels, held to be valid, and to be infringed by round, portable machines producing and applying a similar blast for a similar purpose.

[In equity. Bills by Matthew Gottfried and others against Frank Bartholomae and others for the alleged infringement of a patent.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and by Josiah H. Bissell, Esq., and here compiled and reprinted by permission. Merw. Pat. Inv. 167, and 6 Reporter, 390, contain only partial reports.]

Banning & Banning, for complainants.
Jussen & Anderson, for defendants.

BLODGETT, District Judge. These are suits brought by the complainants as the owners of a patent issued by the United States to J. F. T. Holbeck and M. Gottfried, dated May 3, 1864 [No. 42,580], for an improved mode of pitching the inside of barrels. The complainants' invention consists of a device by which air is driven through fire by a fan or blower, where it becomes heated to a high temperature, whence it is forced by the blast into the barrels so as to heat the inside of the barrels sufficiently to melt the pitch or resin, which is used for the purpose of pitching the insides, so that it will readily flow into the cracks or pores of the wood. The cask is then closed and rolled until the melted resin has covered the entire inner surface. The complainants' device is a furnace, with grate bars in the bottom upon which the fire is built with anthracite coal or any other combustible; underneath the grate bars comes a pipe, to which is attached a fan or blower by which the blast of air is driven into and up through the ignited combustible —coal or wood, as the case may be—into the dome or air chamber over the grate, and from this air chamber a nozzle projects, to which the cask or barrel to be pitched is attached, by the nozzle being inserted in the bung hole, so that the air, which becomes heated by being forced through the fire, is expelled through the nozzle into the cask, thereby heating the inside of the cask to such an extent as to melt the pitch or resin.

The defendants' two devices embody applications of the same principle. One is a portable device in which the fan or blower is attached by a pipe at the bottom; the air is driven through the fire, there being a grate bar in the bottom, and the cask is attached upon the pipe. This is called the "Vogt Machine." The other, also portable, involves the same principle, but is so adjusted as to receive a larger number of casks, the casks being suspended upon hooks so that the air nozzles fit into the bung holes, and the air is driven into them. This is known as the "Shlaudeman Machine." The object of all these devices is simply to coat the inner surface of the cask with pitch or resin, so as to make it more capable of holding liquids, especially ales and beers.

It must be admitted, I think, that the devices—that of the complainants and those used by the defendants—are alike in their mode of operation and effect. There is no substantial difference in the principle upon which they operate; they both accomplish the same end by substantially the same means; that is, a blast of air driven through the fire and escaping into the cask. The defendants contest the novelty of the complainants' device, and in support of their position rely upon a patent granted in England to Robert Davison and William Symington in November, 1843, and upon the various devices for producing a hot air blast in furnaces, such as the Neilson blast and the various other hot air blasts used in smelting furnaces, where heated air is driven into the furnace for the purpose of securing a higher degree of heat and increasing the melting power of the furnace.

The Davison and Symington device was specifically arranged for the purpose of cleansing barrels. We have no model of that, but we have the specifications and drawings in connection with it. They show an arrangement for cleansing the inside of casks and barrels, and the inventors specially say that it is adapted to the cleansing of beer and ale casks particularly, so as to renovate them and make them available for further use. That device combined several applications. One was the use of hot air which was driven into the cask by a blast, in the same manner as in this case, except that the air was heated by being driven through heated tubes; that is, a nest or group of iron pipes was arranged in a furnace, and the pipes becoming hot, the air was driven through them into the cask, whereby the inner side of the cask became heated. By that it was claimed the must and various impurities were expelled. The same device, also, combined a mechanism for introducing a rough chain into the inner side of the barrel, and shaking or rolling the barrel with the chain inside, whereby the barrel was cleansed of impurities which stuck to the inside. Sometimes, instead of using the chain, they used gravel or any other substance by which attrition upon the inside of the cask could be obtained. A further device was connected with the same mechanism for driving steam at a high temperature into the cask for the purpose of still further cleansing.

All these devices were intended really to cleanse the inside of the barrel, and not to pitch it; but it is obvious that heating the inside of the barrels, so as to melt the pitch, could have been accomplished by the Davison and Symington process; that is, when you once conceive the idea of the necessity of the pitching or coating the inside of the barrel with any substance susceptible of being melted, it could be heated by the Davison and Symington process as readily as by the complainants' process; but the mechanism, it is noticeable, by which the heating was obtained is widely different.

The complainants' process is, perhaps, the simplest process by which air can be heated and then driven into casks, and so simple that one can hardly deny that they should have a patent upon it if they were the first to invent it. All you have to do is to apply a simple fan or blower, and drive the air through the fire. What the fire does not consume will, of course, escape into the cask in a heated condition, heated to the extent of the intensity of the fire. And one of the merits, so to speak, of the device is that by the very process of blowing or driving the air through

the fire, you increase the intensity of the fire, and therefore the intensity of the heat of the air which escapes into the cask. It is true that with the heated air will go some smoke and the products of combustion, such as the carbonic acid gas, etc., but for the purpose for which the complainants apply their device, that is not objectionable—the only object being to get the inner surface of the cask heated sufficiently to melt the resin or other substance with which it is desired to coat it. That is accomplished by this process readily. And while, as I have already said, the Davison and Symington process may produce the same results, yet they produce them by a different mechanism and a mechanism much more costly; it costs much more to make a machine, and fully as much if not more to operate it; you would have to produce heat enough in your furnace and around your pipes to make the air sufficiently hot, and then keep up that heat by an additional blast of air into your furnace in addition to the blast which drives the air into your cask. So that the two mechanisms, while they produce the same result and reach the same end, do it by two different processes. Therefore, I do not think the Davison and Symington device anticipates the complainants'.

As I have already stated, the defendants' devices are but other forms of the complainants' device. The complainants drive their air by a fan or blower through the fire upon the grate bars, into the cask to be heated; the defendants do the same and by substantially the same mechanism. The method of attaching the pipe at the bottom, or anywhere below the grate bars is the same, and undoubtedly an infringement of the complainants' patent.

It is urged that the Shlaudeman device is different, because that is a device by which the air can be driven directly from the fan or blower into the cask. That would simply drive cold air in, or at the most the air would only become heated to the extent of whatever heat there was in the chamber over the fire, as the air would not pass through the grate bars. But in so far as this machine provides for driving the air through the fire by turning a cock and closing the direct entrance into the chamber above the fire, the moment the upper aperture is closed, it becomes the complainants' machine to all intents and purposes.

I therefore find, that the infringement is clearly made out and that the complainants are entitled to the relief claimed. Injunctions will accordingly be granted, and references ordered to the master to take proof and report the damages the complainants have sustained by the defendants' infringement.

[For other cases involving this patent, see Gottfried v. Phillip Best Brewing Co., Case No. 5,633; Same v. Crescent Brewing Co., 9 Fed. 762; Same v. Miller, 10 Fed. 471, 104 U. S. 521.]